**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

LUIS R. FIGUEROA,                    :
                                     :    Civ. No. 22-1009 (JHR)
         Petitioner,                 :
                                     :
    v.                               :    **MEMORANDUM AND ORDER**
                                     :
UNITED STATES OF AMERICA,            :
                                     :
         Respondent.                 :
                                     :

*Pro se* Petitioner is a federal prisoner. He has filed a motion to vacate, set aside or correct

his sentence pursuant 28 U.S.C. § 2255.[1] Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. §2255
> shall be in writing (legibly handwritten in ink or typewritten),
> signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not use the § 2255 form supplied by the Clerk of this Court for

section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014). Thus, this

matter will be administratively terminated.

Therefore, IT IS on this 3rd day of March, 2022,

ORDERED that the Clerk shall administratively terminate this case; Petitioner is

informed that administrative termination is not a "dismissal" for purposes of the statute of

limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar

if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275

(3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v.*

---

[1] Petitioner alternatively alludes to seeking a "writ of injunction." To seek injunctive relief rather than collateral habeas relief, Petitioner would need to file a separate civil action that requires Petitioner either pay the filing fee or seek *in forma pauperis* status. However, based on the relief Petitioner is seeking, collateral habeas relief appears to be the appropriate interpretation of Petitioner's filing.

*Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner

mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011)

("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute

runs …."); and it is further

ORDERED that the Clerk's service of the blank section 2255 form shall not be construed

as this Court's finding that the § 2255 motion is or is not timely, or that Petitioner's claims are or

are not procedurally defaulted; and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in a

writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th

& Cooper Streets, Camden, NJ 08101, within thirty (30) days of the date of entry of this

memorandum and order; Petitioner's writing shall include a complete, signed § 2255 motion on

the appropriate form supplied by the Clerk; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen

this case, and a complete, signed § 2255 motion supplied by the Clerk, the Clerk will be directed

to reopen this case; and it is finally

ORDERED that the Clerk shall serve a copy of this memorandum and order and a blank

section 2255 form - AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014) on Petitioner by

regular U.S. mail.


/s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
United States District Judge


2