## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS R. FIGUEROA, | Civil Action No. 22-1009 (JHR) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**RODRIGUEZ, Senior District Judge**

**I.     INTRODUCTION**

Presently before the Court is *pro se* Petitioner Luis R. Figueroa's amended motion to vacate, set aside or correct his sentence ("Amended Motion") pursuant to 28 U.S.C. § 2255 (ECF No. 4) and motion to appoint pro bono counsel (ECF No. 5). For the following reasons, Petitioner's Amended Motion is summarily dismissed as a second or successive § 2255 motion that lacks the required authorization from the United States Court of Appeals for the Third Circuit.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner challenges his 2003 judgment of conviction. The Court previously laid out the lengthy factual and procedural history of Petitioner's underlying criminal case and post-conviction collateral attacks on his criminal conviction as follows:

> [Petitioner] was charged in Count 1 of a multi-count Superseding Indictment with conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, a Schedule II narcotic drug controlled substance contrary to Title 21, United States Code, §841 (a)(1), and in violation of Title 21, United States Code, §846. Twelve other defendants were indicted in the conspiracy count along with [Petitioner]. After the guilty pleas of

several of the defendants, trial commenced in December 1999 with the remaining two defendants: [Petitioner] and Jose Rivera.

. . .

On February 29, 2000, the jury returned a verdict of guilty as to both defendants on Count 1, the cocaine distribution conspiracy count.
On June 26, 2000, the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000), reinforcing the constitutional protection that any criminal defendant be entitled to a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. *Apprendi* requires that, "[o]ther than a fact of a prior conviction, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

In response to the ruling in *Apprendi*, the government requested that a sentencing jury be empaneled for the purpose of ascertaining beyond a reasonable doubt that the conspiracy concerned over five kilograms of cocaine as alleged in the indictment.

. . .

On February 10, 2003, the sentencing jury found beyond a reasonable doubt that the conspiracy distributed and possessed with the intent to distribute five kilograms or more of cocaine within its life span.

By letter dated February 12, 2003, [Petitioner] fired Velez as his attorney. On March 25, 2003, the Court allowed Velez to be relieved as counsel for [Petitioner]. On March 27, 2003, Brian McMonagle entered his appearance as counsel for [Petitioner]. Also on that date, the Court was presented with a plea agreement under which Figueroa would drop his appeal and waive all of his post-conviction and post sentence rights, including his right to file a direct appeal or a motion under 28 U.S.C. §2255, essentially in return for a recommendation by the government for a prison term of thirty-five years, rather than life, which was the sentence recommended in the United States Probation Office in its Pre-Sentence Report.

. . .

2

> At sentencing, [Petitioner] stated under oath that he reviewed the waiver agreement and agreed to its provisions voluntarily and knowingly after discussing it with counsel. This Court accepted the terms of the waiver agreement and on March 31, 2003 entered judgment accordingly, sentencing [Petitioner] to a term of imprisonment of 420 months, five years of supervised release, a $10,000 fine, and a special assessment of $100.

(*Figuero v. United States*, No. 04-1424, ECF No. 13 at 1-6.) Following his conviction:

> On June 30, 2005, this Court dismissed Petitioner's [first] 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his sentence. On July 28, 2005, the Court denied Petitioner's Motion for Reconsideration. He appealed, but on April 27, 2006, the United States Court of Appeals for the Third Circuit denied a Certificate of Appealability. On May 15, 2008, Petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), arguing that the Court "did not include in its adjudication" an affidavit of the Petitioner which was "directly related to the truth." That motion was denied.
>
> On February 10, 2011, Petitioner filed a second motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), arguing that this Court's 2005 denial of his § 2255 motion "was an affront to the integrity of the habeas proceeding," and amount to "a miscarriage of justice." That motion was denied, as was a subsequent motion for reconsideration and a motion to "disqualify" this Judge.
>
> Undeterred, on May 9, 2011, Petitioner filed a third motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), arguing that this Court's 2005 denial of Petitioner's § 2255 motion was "void" "because the Judge's action amounts to a plain usurpation of powers constituting a violation of Due Process." On August 10, 2011, this Court again applied the Rule 60(b) standard to the facts of Petitioner's case, and again concluded that the Petitioner was not entitled to relief, as there were no extraordinary circumstances presented to invoke the equity of Rule 60(b). The Petitioner's motion for reconsideration of that decision also was denied.
>
> On August 11, 2011, the Third Circuit denied a Certificate of Appealability regarding this Court's decision on the February 10, 2011 Rule 60(b) motion, stating, "[e]ssentially for the reasons explained by the District Court, we conclude that jurists of reason

3

> would not debate the District Court's denial of appellant's motion under Rule 6o(b)(6)."
>
> On July 16, 2013, Petitioner filed a document captioned "Independent Action in Equity pursuant to Rule 60(d) of the Federal Rules of Civil Procedure." In connection with that filing, on April 7, 2014, Petitioner filed a motion for Default Judgment against the United States for failure to respond to the July 16, 2013 document. The Court found no merit in the motion, stated that it "has no intention of continuing to entertain Petitioner's filings," and summarily denied the motion for default judgment against the United States on May 21, 2014.
>
> Petitioner filed an appeal from that denial, requesting a Certificate of Appealability on June 19, 2014 and filing a motion for recusal on August 21, 2014. Having presided over this litigation for well over a decade, the Court exercised its discretion and denied the motion for recusal on September 17, 2014. The Court also denied Petitioner's request for a Certificate of Appealability.
>
> [], [T]he Court denied a July 16, 2013 submission, entitled "Independent Action in Equity pursuant to Rule 60(d) of the Federal Rules of Civil Procedure," having previously found it without merit, as the submission re-asserted ineffective assistance of counsel and argued that this Court's dismissal of Petitioner's § 2255 motion "was affected by an accident or mistake the same in equity and good conscience should not be enforced."
>
> [On October 14, 2015, the Court denied an August 7, 2015 submission, finding] Petitioner's latest submission does not set forth any dispositive matters or controlling decisions which this Court overlooked in any of the extensive litigation to date. Nor has Petitioner satisfied the requirements for relief under Fed. R. Civ. P. 60(b). Petitioner's claims have been fully and fairly adjudicated. His continued, frequent filings are inappropriate because the docket is closed.

(*Figuero v. United States*, No. 04-1424, ECF No. 67 at 1-3.)

On March 28, 2022, Petitioner filed the instant amended § 2255 motion to vacate, set aside or correct his sentence. (ECF No. 4.) Petitioner's Amended Motion again challenges his March 27, 2003 conviction. (*See id.*) Plaintiff argues that his 2003 conviction violates double jeopardy,

4

which he also argued in his first 2004 §2255 motion. (*See id.*; *see also Figuero*, No. 04-1424, ECF No. 13 at 7.)

### III. LEGAL STANDARD

Under 28 U.S.C. § 2255(h), "a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." In particular, before a district court can entertain such a motion, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). When a petitioner files a second or successive § 2255 motion "without the permission of a court of appeals, the district court's only option is to dismiss the [motion] or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Kunz v. Attorney Gen. of the State of New Jersey*, No. 16-8817, 2017 WL 44946, at *2 (D.N.J. Jan. 4, 2017) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).

### IV. DISCUSSION

Petitioner's instant § 2255 Amended Motion is clearly a second or successive § 2255 motion that lacks the required authorization from the Third Circuit. Absent permission from the Third Circuit, this Court lacks jurisdiction over this matter.

Under 28 U.S.C. § 1631:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed . . . and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

This Court finds that it is not in the interest of justice to transfer this matter to the Third Circuit. In determining whether to permit a second or successive § 2255 motion, a Court of Appeals must certify that the motion involves:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

With those principals in mind, Petitioner does not allege any newly discovered evidence within the meaning of §2255(h). Nor, does he present the Court with a new rule of constitutional law. Accordingly, it does not appear that Petitioner can meet the requirements to bring a second or successive § 2255 motion, and thus, the interests of justice do not warrant transferring this case to the Third Circuit. Of course, Petitioner may seek permission from the Third Circuit himself pursuant to §§ 2244(b) and 2255(h)(2), should he so choose.

## V.     Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from an order entered on a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* 28 U.S.C. § 2255(d). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal for lack of jurisdiction of the § 2255 motion is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## V.     CONCLUSION

For the reasons stated above, Petitioner's second or successive § 2255 Amended Motion

(ECF No. 4) is **DISMISSED** due to lack of jurisdiction, Petitioner's motion to appoint pro bono counsel (ECF No. 5) is **DENIED as moot**, and Petitioner is denied a certificate of appealability. An appropriate order follows.

Dated: October 4, 2022

                                           */s/ Joseph H. Rodriguez*
                                           **JOSEPH H. RODRIGUEZ**
                                           **UNITED STATES DISTRICT JUDGE**